# HERRICK

Sean E. O'Donnell
**Partner**
Phone: 212.592.1545
Fax: 212.545.3410
sodonnell@herrick.com

November 25, 2019

Honorable Kenneth M. Karas
United States District Court, Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

Re:     JLT Specialty Ins. Servs. Inc. v. NFP Prop. & Cas. Servs., Inc., 19 Civ. 3921 (KMK)

Your Honor:

We are counsel for defendant NFP Property & Casualty Services, Inc. ("NFP").

This past Friday evening, on November 22, 2019, JLT filed with the Court its opposition to NFP's motion to transfer this action to the United States District Court for the Northern District of California ("N.D.Cal.") or, in the alternative, dismiss the complaint. (ECF # 21-37). As counsel was preparing to file this letter in response to JLT's letter motion, the Court granted JLT's motion to file documents under seal (*see* ECF # 41).

JLT's opposition and its accompanying letter motion to file certain exhibits under seal (the "Improper Exhibits") (ECF # 40), constitute a blatant violation of the Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, dated June 3, 2019 (the "N.D.Cal. Protective Order"), issued by the United States District Court in the Northern District of California, in the action styled *JLT Specialty Insurance Services Inc. v. Pestana, et al.*, Case No. 3:19-cv-02427 (N.D. Cal.) (the "CA Action") (a copy of which is enclosed herewith).

JLT's sealing request and its use of the Improper Exhibits, including numerous quotations in its already publicly filed memorandum of law is sanctionable and serves as another example of why this action should be transferred to and consolidated with the CA Action.

Accordingly, NFP respectfully requests that this Court: (i) reconsider its Order granting JLT's letter motion to file documents under seal, and instead deny JLT's motion; and (ii) seal and strike from the record JLT's opposition papers, including, (a) JLT's memorandum of law (ECF # 38), (b) the Declaration of A. Michael Weber ("Weber Decl.") (ECF # 39), and (c) the letter motion (ECF # 40) (collectively, the "JLT Opp.").

### 1.     The N.D.Cal. Protective Order

In connection with the CA Action, the parties thereto executed the N.D.Cal. Protective Order, which was thereafter "So Ordered" by the Hon. Maxine M. Chesney, United States District Court Judge on June 3, 2019. The N.D.Cal. Protective Order provides, in relevant part:



Page 2

> 3. <u>SCOPE</u>
>
> The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), ***but also*** (1) any ***information copied or extracted*** from Protected Material; (2) ***all copies, excerpts, summaries, or compilations*** of Protected Material; and (3) any testimony, conversations, or ***presentations*** by Parties or their Counsel ***that might reveal Protected Material***.
>
> 7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>
>
> 7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party ***in connection with this case only*** for prosecuting, defending, or attempting to settle ***this litigation***. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).
>
> 11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>.
>
> (a) The terms of this Order ***are applicable to information produced by a Non-Party*** in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such ***information produced by Non-Parties*** in connection with this litigation ***is protected by the remedies and relief provide by this Order***. ***Nothing*** in these provisions ***should be construed as prohibiting a Non-Party*** from seeking ***additional protections***.

*See* N.D.Cal. Protective Order ¶¶ 3, 7, 11 (emphasis added).

**2.    JLT's Violation of the N.D.Cal. Protective Order**

As JLT concedes, the Improper Exhibits that JLT "seeks permission to file under seal … were produced by [NFP] in the [CA Action], in accordance with [the N.D.Cal. Protective Order]." ECF. 40. Based upon the list of Improper Exhibits set forth in the Weber Decl. (ECF # 39), the Improper Exhibits consist of documents that NFP marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," when producing the documents to JLT in connection with the CA Action. Thus, as a non-party to the CA Action that has produced documents in connection therewith, NFP is protected by, the N.D.Cal. Protective Order.

Nonetheless, JLT, with full knowledge of the N.D.Cal Protective Order, blatantly and intentionally violated its terms by filing the JLT Opp. here. Specifically, JLT, in violation of the

N.D.Cal. Protective Order: (i) used information excerpts, summaries, etc., extracted from the Improper Exhibits in an action other than the CA Action (*see* N.D.Cal. Protective Order at ¶ 7.1); and (ii) created a presentation (*i.e.*, the JLT Opp.) that might – and, in fact, does – reveal NFP's "Protected Material" (*see id.* at ¶ 3).

Therefore, NFP respectfully requests that this Court: (i) reconsider its Order granting JLT's letter motion to file documents under seal, and instead deny JLT's motion; and (ii) seal and strike from the record the JLT Opp.[1]

Respectfully submitted,

*/s/Sean E. O'Donnell*
Sean E. O'Donnell

cc: All Counsel Record (via ECF)

Enclosure

[1] Should the Court permit JLT to refile the JLT Opp. without reference to or use of the Improper Exhibits, no other revisions to JLT's papers should be permitted.