

**Sean E. O'Donnell**
**Partner**
Phone: 212.592.1545
Fax: 212.545.3410
sodonnell@herrick.com

December 1, 2019

VIA ECF

The Honorable Kenneth M. Karas
United States District Court, Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re: *JLT Specialty Insurance Services, Inc. v. NFP Property & Casualty Services, Inc.*, Case No. 7:19-cv-3921

Your Honor:

This responds to JLT's letter of Friday, November 29, 2019, claiming that the Improper Exhibits[1] it proposes to file under seal do not contain confidential or trade secret information, while conceding that it must seek an order from the District Court in the Northern District of California seeking relief from the N.D.Cal. Protective Order.

First, while JLT sought to file the Improper Exhibits over a week ago, we are still left to guess what precise documents JLT intends to file, because JLT has yet to provide NFP or the individual California defendants with copies of the proposed Improper Exhibits. Although JLT's overly expansive description of some of these documents strongly suggests that they are documents that were designated as Confidential (or, in some cases, Highly Confidential – Attorneys' Eyes Only) and subject to the N.D.Cal. Protective Order, we do not know for certain which documents JLT seeks to introduce in this litigation. That is precisely why NFP and the Individual Defendants have sought from the California District Court an order compelling, among other things, JLT to provide copies of the proposed exhibits—in accordance with the N.D.Cal. Protective Order.[2]

The N.D.Cal. Protective Order has a prescribed mechanism in place if JLT disagrees with any of the document designations. Per the N.D.Cal. Protective Order, JLT is required to meet and confer with the Individual Defendants and NFP about the designations and any limitations imposed on them by the N.D.Cal. Protective Order. It provides:

---

[1] Capitalized terms have the same meaning as in NFP's November 25, 2019 Letter to the Court. *See* ECF. No. 42.

[2] JLT's failure to provide NFP with the Improper Exhibits while citing them repeatedly throughout its opposition to NFP's motion to transfer or dismiss (including fifteen cites to the Weber Decl. for such documents) prejudices NFP's ability to reply to JLT's opposition. *See, e.g.*, Weber Decl. ¶ 8 ("Annexed as Exhibit G are true and correct copies of emails related to NFP's hire of Sarah Sherman.").





6.2 MEET AND CONFER

> The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process ***only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.***[3]

JLT has never contacted NFP or the Individual Defendants about its intended use of the Improper Exhibits or otherwise objected to the designations placed on any of the documents produced in the CA Action. This is why NFP and the Individual Defendants have sought to compel JLT, in the California action, to meet and confer with them about JLT's desired use of the Improper Exhibits.

Neither the California Order nor JLT's argument concerning public access to judicial documents support JLT's blunderbuss approach. JLT has had the Improper Exhibits since at least September 27, 2019. At no time has JLT even hinted that it was planning to use any of the documents in this action or that it disputed any of the confidentiality designations—despite ample opportunity to do so, including the Parties' Pre-Motion Conference with the Court on October 3, 2019, or following NFP's filing of its Motion on October 25, 2019.

As outlined in the motion for sanctions against JLT now pending before the California District Court (copy provided to the Court on November 27, 2019 (ECF No. 44)) we contacted JLT's counsel on November 26, 2019 seeking a solution to JLT's transgression. Although JLT has yet to agree with NFP's demands or propose any alternative solution we will continue to seek to resolve this issue and minimize any further burden on the Court.

---

[3] N.D.Cal. Protective Order ¶ 6.2 (emphasis added).






In the meantime, we respectfully request the Court (i) reconsider its Order granting JLT's letter motion to file documents under seal, and instead deny JLT's motion; and (ii) seal and strike from the record the JLT Opp.[4]

Respectfully submitted,

*/s/Sean E. O'Donnell*
Sean E. O'Donnell

cc: All Counsel of Record via ECF

---

[4] And if the Court permits JLT to refile the JLT Opp. without reference to or use of the Improper Exhibits, no other revisions to JLT's papers should be permitted.